IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EARL THOMAS,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **EXPERIAN INFORMATION SOLUTIONS INC.; et al.,** *Defendants.* | : | **No. 26-cv-2371** |

**MEMORANDUM**

**KENNEY, J.** **September 30, 2026**

Before the Court is Defendant U.S. Department of Education's Motion to Dismiss ("Defendant DOE's Motion to Dismiss"). ECF No. 31. Plaintiff opposes dismissal and has requested leave to amend the Complaint. ECF No. 34. For the reasons discussed below, the Court will **GRANT** Defendant DOE's Motion to Dismiss (ECF No. 31).

## I. BACKGROUND

The Court writes for the benefit of the Parties and assumes familiarity with the underlying facts. Plaintiff initiated the above captioned case with the filing of his two-count Complaint asserting claims for violations of the Fair Credit Reporting Act ("FCRA") and defamation of character against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Missouri Higher Education Loan Authority ("MOHELA"), and the U.S. Department of Education ("DOE"). ECF No. 1. Defendants Experian and Equifax were subsequently dismissed from the action. ECF Nos. 23, 33. Defendant DOE now moves to dismiss the Complaint.[1] ECF No. 31. Plaintiff opposes dismissal of the Complaint.

[1] Count II (defamation of character) of the complaint is only asserted against Defendants Experian and Equifax. Accordingly, their dismissal from the action has resulted in the dismissal of Count II. The Court refers only to Count I as it describes the Complaint.

ECF No. 34. Accordingly, the Motion is now fully briefed and will be decided on the basis of the written submissions.

## II. LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether a complaint states a claim, the Court must accept "all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (citing *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). Those allegations do not need to render the plaintiff's claim probable, but there must be more than a "possibility that a defendant has acted unlawfully." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

Defendant DOE has moved to dismiss Count I of the Complaint. ECF No. 31. Plaintiff opposes dismissal and instead seeks leave to amend. ECF No. 34.

### A. The Court Will Grant Defendant DOE's Motion to Dismiss

Defendant DOE argues that Count I must be dismissed because: (1) Plaintiff lacks standing to bring an FCRA claim against it because he has not demonstrated an injury fairly traceable to DOE; and (2) because Plaintiff has failed to state a plausible FCRA claim. ECF No. 31 at 9–14.

DOE first argues that Plaintiff lacks standing. Specifically, DOE argues that Plaintiff has failed to plausibly allege that his injuries were caused by DOE. ECF No. 31 at 12–14. DOE submits that Plaintiff has not shown that DOE's failure to investigate his disputes caused his

injuries because DOE is not involved in "furnishing or dispute-handling activities." *Id.* at 13. The Court's analysis of DOE's standing argument necessarily collapses into the Court's discussion of the merits of Count I. So, the Court proceeds to the merits.

On the merits, Count I fails to state a claim for a violation of § 1681s-2(b) against DOE. Section 1681s-2(b) of the FCRA governs the duties of loan furnishers after they receive notice of a dispute. 15 U.S.C. § 1681s-2(b). While DOE may be held liable under this provision, *see Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 43 (2024) ("Section 1681a provides a definition of 'person' that includes 'any . . . governmental . . . agency,' §1681a(b), and that applies to the entire Act."), a "person's," or furnisher's duties to conduct an investigation and report their findings back to the consumer reporting agency ("CRA") are only triggered once the furnisher receives notice from the CRA. *See Ingram v. Experian Info. Sols., Inc.*, 83 F.4th 231, 239 (3d Cir. 2023) ("After receiving notice of an indirect dispute from a consumer reporting agency, the furnisher has similar, though not identical duties."); *see also Dally v. Transunion LLC*, --- F. Supp. 3d ----, No. CV 26-00025, 2026 WL 2019870, at *6 (E.D. Pa. July 13, 2026) ("A cause of action against [the defendant] would commence when [the defendant] was notified by the CRA of Plaintiff's claims of inaccuracies in its reporting.").

DOE argues that Plaintiff has misdirected his FCRA claim at the agency. ECF No. 31 at 10, 13–14. According to DOE, its role in administering Plaintiff's disputed student loans is limited to high level oversight and guidance—not furnishing individual loans. *Id.* at 10. Restrained by this preliminary procedural posture, the Court looks to the factual allegations contained in the Complaint. *See City of Cambridge Ret. Sys.*, 908 F.3d at 878 (citation omitted).

Upon review, there are numerous deficiencies with Count I. Plaintiff fails to plausibly allege that DOE received notice of his dispute from a CRA. *See* ECF No. 1 ¶ 14. Plaintiff merely

alleges that upon information and belief, the CRA notified DOE. *Id.* Plaintiff provides no approximate time frame or method of notice. Elsewhere, Plaintiff provides the Court with little to no detail as to what DOE's involvement was in the alleged violations of the FRCA. In all, these allegations in the Complaint are too vague and conclusory to plausibly allege that DOE's duty to investigate was ever triggered or that DOE acted willfully and negligently in violation of the FCRA. *See Twombly*, 550 U.S. at 555 (holding that a complaint requires "more than labels and conclusions" to provide the grounds of his entitlement to relief). Accordingly, Defendant's Motion to Dismiss is granted as to Count I. Count I is dismissed without prejudice.

**B. The Court Will Grant Plaintiff's Request for Leave to Amend**

Plaintiff requests leave to amend Count I in the concluding line of his brief. ECF No. 34 at 20. The Court will permit Plaintiff to amend Count I. If, upon reading this Opinion, Plaintiff considers it practical to do so.

## IV. CONCLUSION

For the above reasons, Defendant DOE's Motion to Dismiss (ECF No. 31) is granted. Plaintiff's request for leave to amend Count I is also granted. Plaintiff shall have fourteen (14) days to file an Amended Complaint. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**